IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-HC-2143-FL

| | | |
|---|---|---|
| DAVON WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIK A. HOOKS, | ) | |
| | ) | |
| Respondents.[1] | ) | |

Petitioner, a state inmate proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion to dismiss the petition pursuant to Rule 12(b)(6) of Federal Rules Civil Procedure (DE 15). Petitioner did not respond. In this posture, the issues raised are ripe for adjudication. For the reasons stated below, the court grants respondent's motion to dismiss.

**STATEMENT OF THE CASE**

On July 29, 2020, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging his state sentences should have been run concurrently instead of consecutively. On July 29, 2020, the court ordered petitioner to submit the petition on the forms prescribed for use by this court and to pay the filing fee or application to proceed without

---

[1] Petitioner named the "North Carolina Department of Corrections" as the respondent in this action. (See Pet. (DE 5) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Counsel for respondents represents that Erik A. Hooks, the Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action. (See Resp't Mem. (DE 16) at 1 n.1). The court has constructively amended the case caption to reflect the correct respondent in this action and will direct the clerk to so amend the caption on the docket.

prepayment of fees. Petitioner did not respond to the order, and on August 27, 2020, the court gave petitioner a final opportunity to correct the deficiencies. On September 17, 2020, petitioner filed a petition on the prescribed form. On November 30, 2020, the court conducted its initial review of the petition, and allowed the action to proceed.

On March 1, 2021, respondents filed the instant motion to dismiss. In support, respondents rely upon state court records. As previously noted, petitioner did not respond.

## STATEMENT OF THE FACTS

A juvenile petition was filed against petitioner alleging that, on May 20, 2016, petitioner had committed the offenses of robbery with a dangerous weapon, attempted first degree murder, felony breaking and entering, felony possession of stolen goods, second degree kidnapping, and conspiracy to commit felony robbery with a dangerous weapon. (Am. Pet. (DE 5) at 1, 5; Resp't Ex. D, Ord. of Transfer (DE 16-5) at 1). On September 14, 2016, the case was transferred to the Superior Court of Lenoir County in North Carolina. (Resp't Ex. D, Ord. of Transfer (DE 16-5) at 5; see also Am. Pet. (DE 5) at 5 (noting that petitioner was 15 years old at the time the crime was committed)). On November 7, 2016, petitioner was indicted on charges of first-degree murder, discharge of a firearm into an occupied property, assault with a deadly weapon with intent to kill, conspiracy to commit robbery with a dangerous weapon, and attempted robbery with a dangerous weapon. (Resp't Ex. C, Indictment. (DE 16-4) at 2).

On May 15, 2017, petitioner pleaded guilty to assault with a deadly weapon with intent to kill and attempted robbery with a dangerous weapon. (Am. Pet. (DE 5) at 1; Resp't Ex. B, Plea Tr. (DE 16-3) at 3). The trial court sentenced plaintiff to consecutive terms of 64-89 and 15-30 months' imprisonment. (Am. Pet. (DE 5) at 1; see also Resp't Ex. B, Plea Tr. (DE 16-3) at 4).

Petitioner did not appeal the trial court's judgment, and did not file a motion for appropriate relief or any other post-conviction motion. (Am. Pet. (DE 5) at 2, 6, 7, 9, 12).

## DISCUSSION

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

A motion to dismiss a section 2254 petition "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the [section] 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quotation omitted); see Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). As part of a Rule 12(b)(6) motion, a court may consider a challenge based on the statute of limitations. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). In ruling on a motion to dismiss, the court looks to the record of the state habeas proceeding, including affidavits and evidence presented in such proceedings,

3

as well as other matters of public record. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 180–81 (2011); Walker, 589 F.3d at 139.

B. Analysis

Respondent argues, in part, that the petition is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year statute of limitations is tolled, however, during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application for postconviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Here, the statute of limitations began to run on the date petitioner's judgment became final by the conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As noted above, petitioner did not appeal his state judgment of conviction.

(Am. Pet. (DE 1) at 2). Under North Carolina law, criminal defendants have 14 days to enter a notice of appeal. N.C. R. App. P. 4(a). Accordingly, petitioner's judgment became final 14 days after it was entered, and the statute of limitations began to run on May 30, 2017.[2] (See Am. Pet. (DE 5) at 1 (providing judgment was entered on May 15, 2017); J. & Commitment (DE 16-2) at 3); see also Gonzalez v. Thayer, 565 U.S. 134, 150-54 (2012) (noting state inmate's judgment becomes final when the deadline for filing an appeal expires).

Petitioner also did not file an application for state post-conviction relief before the one-year statute of limitations expired on May 30, 2018. (See Am. Pet. (DE 5) at 6-7, 9); see also Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (holding time period between conclusion of direct review and filing state post conviction motion is not tolled). The instant habeas petition was filed subsequent to May 30, 2018, and it is therefore untimely.[3]

Additionally, petitioner does not qualify for any of the alternative statutes of limitations set forth in § 2244(d)(1). Petitioner does not allege that his claims are based on a new rule of constitutional law, made retroactive to cases on collateral review, or that the factual predicate of the claims could not have been discovered through the exercise of ordinary diligence until after her conviction became final. See 28 U.S.C. § 2244(d)(1)(C)-(D). Additionally, petitioner has presented no evidence suggesting a state impediment prevented her from filing earlier. Id. § 2244(d)(1)(B).

---

[2]  Fourteen days from May 15, 2017, was actually May 29, 2017. However, May 29, 2017 was Memorial Day, and the deadline to file a notice of appeal would have been one day later, May 30, 2017. See N.C. Gen. Stat. § 1A-1, Rule 6(a).

[3]  Although petitioner's original letter was not dated, the envelope containing the petition is post-marked July 27, 2020. (See Pet. (DE 1);.Pet. Envelope (DE 1-1)). Petitioner has not submitted a declaration or notarized statement setting forth the date of deposit into the prison mail system or that first class postage had been prepaid. Rules Governing § 2254, Rule 3(d); see also Houston v. Lack, 487 U.S. 266, 276 (1988). Moreover, petitioner essentially acknowledges in his petition that it was not timely filed. (See Am. Pet. (DE 5) at 14).

Petitioner also is not entitled to equitable tolling of the statute of limitations. Although the purpose of AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from [complying with the statute of limitations]." Id. (citation and quotations omitted).

Regarding the timeliness of his petition, petitioner states:

> Honestly[,] I know of no reason legally that the limitation period should[] apply. I [have] a lack of knowledge in the judicial system. I haven't really had anyone look into it or [done] so myself for that matter. I feel that the only reason I was treated the way I was is because of who the victim['] family is to the city . . . [and] my lack of knowledge in the judicial system. They were just trying to get me out of the way [and] make an example. Frankly[,] I think that [six to ten] years is a fairly long sentence to give a 16-year-old child that is mentally challenged.

(Am. Pet. (DE 5) at 14).

Petitioner is not entitled to equitable tolling on these facts. To the extent petitioner relies on diminished mental capacity as a basis for tolling, his assertions are insufficient to toll the statute of limitations because he does not even allege a causal link between his mental conditions and untimely filing. See Ata v. Scutt, 662 F.3d 736, 741-42 (6th Cir.2011) (collecting cases); see, e.g., United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004); Robison v. Hinkle, 610 F.Supp.2d 533, 539–40 (E.D.Va.2009). Moreover, lack of representation and lack of knowledge of the legal system do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir.2004); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (collecting

6

cases); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (per curiam). Accordingly, petitioner has failed to demonstrate that he is entitled to equitable tolling of the statute of limitations.

C.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

**CONCLUSION**

Based on the foregoing, the court GRANTS respondent's motion to dismiss (DE 15), and DISMISSES the petition without prejudice. The clerk is DIRECTED to close this case, and to amend the caption as set forth in footnote one.

7

SO ORDERED, this the 27th day of September, 2021.

                                                                        _____
                                                                         LOUISE W. FLANAGAN
                                                                         United States District Judge